**FILED**

**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

14-063537                              JJS:jmc                              #397

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1405**

DR. WILLIAM M. POLLACK,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        No._____
                                           )
CUNNINGHAM FINANCIAL GROUP,                )
LLC, and JOHN DOES 1-10,                   )
                                           )        **JUDGE HIBBLER**
            Defendants.                    )        **MAGISTRATE JUDGE COX**

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1441 *et. seq.*, defendant, Cunningham Financial Group, LLC ("CFG"), hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois. Under the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005), removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1331 over plaintiff's claim brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

In further support of removal, CFG states as follows:

**I.    THE STATE COURT ACTION.**

1.    On or about January 29, 2008, plaintiff, on behalf of himself, and purportedly on behalf of a class similarly situated, filed a Class Action Complaint with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action"). The State Court Action was assigned Cause No. 08 CH 03633.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all substantive records and proceedings from the state court are attached hereto as Exhibit 1.

3.     Plaintiff's Complaint consists of three counts. In Count I, he alleges violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Count II purports to state a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. In Count III, plaintiff alleges common law conversion. (*See, Cmplt. attached hereto as part of Ex. 1*).

## II.     FEDERAL QUESTION JURISDICTION EXISTS.

4.     This case arises from CFG's alleged sending or the causing of sending unsolicited faxes. Plaintiff alleges in his Complaint that CFG's conduct violated the TCPA, 47 U.S.C. § 227. (*Ex. 1, Cmplt., ¶¶ 18-24*).

5.     This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. As the Seventh Circuit held in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005), plaintiff's Complaint arises under the laws of the United States because the TCPA is a law of the United States and plaintiff seeks recovery under that law.

6.     The Seventh Circuit's decision in *Brill* is binding upon this Court.

7.     Under *Brill*, this Court has jurisdiction over plaintiff's putative class action lawsuit because it arises under the laws of the United States.

## III.     THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

8.     This Court has supplemental jurisdiction over plaintiff's claims alleging violation of the ICFA and common law conversion because they are so related to the TCPA claim that they form

part of the same cause or controversy. 28 U.S.C. § 1367. Supplemental jurisdiction, therefore, should not be refused under 28 U.S.C. § 1441(c). Plaintiff's claims do not raise unusually novel or complex issues of state law, and plaintiff's state law claims do not substantially predominate over its federal claim.

## IV.    REMOVAL IS TIMELY.

9.    CFG was served with Summons and a copy of the Complaint in this matter on February 12, 2008.

10.    There can be no dispute that removal is timely since this notice is filed within 30 days of the date the Complaint was served. 28 U.S.C. § 1446(b).

## V.    PROPER SERVICE OF THIS NOTICE AND REQUEST FOR ADDITIONAL ARGUMENTS, IF NECESSARY.

11.    CFG is the only named defendant in this case. While the Complaint also names unknown defendants, "John Does 1-10," defendants sued under such fictitious names need not consent to removal. *Green v. America Online (AOL)*, 318 F.3d 465, 470 (3rd Cir. 2003).

12.    The unknown "John Doe" defendants also have not been served with process in this action. Unserved defendants need not consent to removal. *Northern Illinois Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982).

13.    Pursuant to 28 U.S.C. § 1446(d), CFG shall file a copy of this Notice of Removal with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, and serve the plaintiff with this Notice of Removal promptly after filing this Notice. A copy of the Notice of Filing to be filed in the state court is attached hereto as Exhibit 2.

14.    In the event that plaintiff files a motion to remand the case or the Court considers

remand *sua sponte*, CFG respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be appropriate or may be requested by the Court.

WHEREFORE, Defendant, Cunningham Financial Group, LLC hereby removes this case to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

CUNNINGHAM FINANCIAL GROUP, LLC

By:_____/s/ James J. Sipchen_____
                    One of its attorneys

Richard M. Waris
James J. Sipchen
Edward J. Aucoin
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
(312) 346-1973
jsipchen@pretzel-stouffer.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant, Cunningham Financial Group, LLC's  Notice

of Removal, Civil Cover Sheet and Appearance of James J. Sipchen, was filed electronically this

 10th day of March, 2008.  Notice of this filing will be sent to all parties by operation of the

Court's  electronic filing system and by U.S. Mail (only where indicated below).  Parties may

access this filing through the Court's electronic system.

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
E-Mail: dedelman@edcombs.com

s/ James J. Sipchen
Richard M. Waris (IL Bar No. 3128520)
James J. Sipchen  (IL Bar No. 6226113)
Edward J. Aucoin, Jr. (IL Bar No. 6236645)
Pretzel & Stouffer, Chartered
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone:     (312) 578-7897
Fax:              (312) 346-8242
E-Mail: jsipchen@pretzel-stouffer.com
*Attorneys for Defendant,*
*Cunningham Financial Group, LLC*

# EXHIBIT 1

ream

Iameaedi

(Rev. 12/4/00) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT /CHANCERY DIVISION

DR. WILLIAM POLLACK,

                          **Plaintiff**

       v.

CUNNINGHAM FINANCIAL GROUP, LLC,
and JOHN DOES 1-10

                        **Defendant**

} Case No. 08CH03633

## CHANCERY DIVISION CIVIL COVER SHEET

    A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence. Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____   **Administrative Review**
006 _____   **Change of Name**
001 ✓   **Class Action**
002 _____   **Declaratory Judgment**
004 _____   **Injunction**
008 _____   **Mechanic's Lien**
003 _____   **Mortgage Foreclosure**

007 _____   **General Chancery**
    _____   **Accounting**
    _____   **Arbitration Awards**
    _____   **Certiorari**
    _____   **Dissolution of Corporation**
    _____   **Dissolution of Partnership**
    _____   **Equitable Lien**
    _____   **Interpleader**
    _____   **Mandamus**
    _____   **Ne Exeat**

    _____   **Partition**
    _____   **Quiet Title**
    _____   **Quo Warranto**
    _____   **Redemption Rights**
    _____   **Reformation of a Contract**
    _____   **Rescission of a Contract**
    _____   **Specific Performance**
    _____   **Trust Construction**
    _____   **Other** _____

By: _____

                **Attorney**                 **Pro Se**

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street, 18th Floor

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DR. WILLIAM M. POLLACK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CUNNINGHAM FINANCIAL GROUP, LLC, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

08CH03633

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.    Plaintiff Dr. William M. Pollack brings this action to secure redress for the actions of defendant Cunningham Financial Group, LLC,  in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Dr. William M. Pollack maintains telephone facsimile equipment in the Chicago metropolitan area.

4.      Defendant Cunningham Financial Group, LLC, is an Arizona limited liability company that has offices at 10505 N. 69th Street, Suite 700, Scottsdale, Arizona 85253.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.      Have transacted business in Illinois.

## FACTS

7.      On November 29, 2007, plaintiff Dr. William M. Pollack  received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

8.      On January 9, 2008, plaintiff Dr. William M. Pollack received the unsolicited fax advertisement attached as Exhibit B on his facsimile machine.

9.      On January 15, 2008, plaintiff Dr. William M. Pollack received the unsolicited fax advertisement attached hereto as Exhibit C on his facsimile machine.

10.      Discovery may reveal the transmission of additional faxes as well.

11.      Defendant Cunningham Financial Group, LLC, is responsible for sending

2

or causing the sending of the faxes.

12.    Defendant Cunningham Financial Group, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14.    Exhibits B and C have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

15.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

18.    Plaintiff incorporates ¶¶ 1-17.

19.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(c).

20.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

22.    Plaintiff and each class member is entitled to statutory damages.

23.    Defendants violated the TCPA even if their actions were only negligent.

24.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by

or on behalf of defendant Cunningham Financial Group, LLC, promoting its goods or services

for sale (d) and who did not (according to defendant's records) either (i) have an established

business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly

consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

26.    The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common

questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.    The manner in which defendants compiled or obtained their list of

fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair  acts and practices,

in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

28.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

29.    A class action is an appropriate method for the fair and efficient

5

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.    Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,  03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844  (Ariz. App.  2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32.    Plaintiff incorporates ¶¶ 1-17.

33.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37.    Defendants engaged in such conduct in the course of trade and commerce.

38.    Defendants' conduct caused recipients of their advertising to bear the cost thereof.  This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to

7

public policy, as established by the TCPA and Illinois statutory and common law.

40. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cunningham Financial Group, LLC, promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.    Whether defendants thereby converted the property of plaintiff.

8

44.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

47.    Plaintiff incorporates ¶¶ 1-17.

48.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the

9

class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

51.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cunningham Financial Group, LLC, promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

55.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

10

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby committed the tort of conversion;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

     a.       Appropriate  damages;

     b.       An injunction against the further transmission of unsolicited fax

advertising;

     c.       Costs of suit;

     d.       Such other or further relief as the Court deems just and proper.

_____
    Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\20908\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A



# CUNNINGHAM
## FINANCIAL GROUP™

---

# 5½" X 11" POSTCARD

# FOR ONLY 33 Cents*

☐ **Quality digital printing, 4/4 color on both sides, and 100# postcard**
☐ **Marketing representatives specialized in direct mail branding**
☐ **Custom designers for your personal postcards**
☐ **Mailing lists that target customers in your area**
☐ **Increase Branding Recognition**

## AND...

# GET A FREE CD!

# "Secrets of Direct Mail"

*A unique opportunity to tap into the most powerful force in the universe---and reach incredible heights of success....*

The AMAZING Secrets of How to Get Rich with Direct Mail and Get 5½" X 11" Mailer Into the Hands of Potential Patients **FOR ONLY** *33 cents!* *

| |
|---|
| <u>CALL</u> **888-477-4193 (Ext. 777)** |
| <u>FAX</u> **(480)-443 0485** |

**Dr. Name**_____ **Phone #**_____

**Address**_____

**City**_____ **State**_____ **Zip**_____

Please contact us if you would like to make a request for us not to send you any future faxes. Failure to comply with your request within 30 days is unlawful.

\* Price based on 20,000 quantity, mailed over 4 months

# EXHIBIT B

# "I will never run out of money!"

## Learn the TOP 6 Proven *Secret Strategies* for Financial Success!

**From the Desk of Brady Frank, DDS**                                  **January 2008**

Dear Colleague,

I am writing this letter of recommendation for James Cunningham, RFC, and his Financial Independence Seminars. I recently completed a transaction with James and his staff. I was more than pleased. I first heard of James when a fellow dentist told me about James' great service. My colleague told me that he had met a financial advisor concerned with how much money my colleague kept every year, not the total of how much he made. James had developed the most powerful strategies for wealth accumulation *without the risk*. My colleague went on to say he had attended a seminar where he learned the *inside secrets* of some of the *MOST SUCCESSFUL HEALTHCARE PROFESSIONALS IN THE COUNTRY*. It sounded too good to be true. How many times have you been solicited to attend a seminar, only to be sorely disappointed? So I passed on my first invitation to attend one of Cunningham Financial Groups' FINANCIAL INDEPENDENCE SEMINARS. Fortunately, my colleague was persistent and finally convinced me to attend the Seminar

What I learned at the seminar was astounding. I learned compelling investment features of Equity Indexed life insurance policies and strategies to ensure a strong exit strategy for never running out of money. I learned how to be **my own bank** so I **never need to borrow money** again! Plus they showed me how to free up more cash flow to save more and **build a bigger nest egg**, using little known and powerful **investments techniques.** **I will never run out of money.**

**Brady Frank, DDS**   I used the phrase "it's too good to be true" but that was exactly what it was. Because of my experience I have referred 12 local colleagues to James to assist them in **Achieving Financial Independence.**

**I hope you take Brady's advice and become one of the in-the-know doctors who attend one of our Seminars and discover the *SECRET STRATEGIES* for Financial Success.**

*James Cunningham* CEP, MCEP, CAPP, CWPP, CSA, RFC

# Financial Independence Seminars

## Tuition: Only $1495.00*

**Scottsdale, AZ** Saturday, February 16, 2008        **Miami, FL**, Saturday, February 23, 2008

**CALL 1-877-477-4193,** or visit http://www.cunninghamfinancial.com

**First 5** to register and mention the coupon code: DC will get a **free copy of** James Cunningham's Book!

*Register before January 31st and receive **$500 off** your registration. Coupon Code: DISC

To opt out of future faxes please call 1-866-242-9292

# EXHIBIT C



# CUNNINGHAM FINANCIAL GROUP™

## QUESTION:

*"How many hours did you spend in professional school learning how to run your business?"*

## ANSWER:

*Average Dentist: 0 - 3 hours*

*Average Chiropractor: 0 - 3 hours*

Learn the "**INSIDE SECRETS**" of some of the **MOST SUCCESSFUL** Healthcare Professionals!

FOUND OUT WHAT YOUR CPA FORGOT TO MENTION...
...AND WHAT YOU WERE NEVER TAUGHT IN PROFESSIONAL SCHOOL!

## CALL NOW & RECEIVE
# $500 OFF TUITION
IF YOU ARE ONE OF THE FIRST 5 DOCTORS TO REGISTER!

## REGISTER FOR CUNNINGHAM FINANCIAL GROUP'S
# FINANCIAL INDEPENDENCE SEMINARS
### FEBRUARY 15TH & 23RD, 2008
SCOTTSDALE, AZ.

TUITION: $1495.00

CALL 1-877-477-4193, OR VISIT
WWW.CUNNINGHAMFINANCIAL.COM

To opt out of future faxes, please call 1-866-242-9292

# EXHIBIT 2

14-063735                              JJS:jmc                              #397

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DR. WILLIAM M. POLLACK,              )
                                     )
              Plaintiff,             )
v.                                   )    No: 08 CH 03633
                                     )
CUNNINGHAM FINANCIAL GROUP,          )
LLC, and JOHN DOES 1-10,             )
                                     )
              Defendants.            )

### NOTICE OF FILING

TO:    Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle
       Street, 18th Floor, Chicago, IL 60603

       PLEASE TAKE NOTICE that on the **10th** day of **March, 2008**, we have filed with the Clerk
of the Circuit Court of Cook County, Illinois, County Department, Chancery Division **Defendant,
Cunningham Financial Group, LLC's Notice of Removal**, a copy of which is attached hereto.

                                        PRETZEL & STOUFFER, CHARTERED

One South Wacker Drive
Suite 2500
Chicago, Illinois 60606           By: _____
(312) 346-1973                              James J. Sipchen

### PROOF OF SERVICE

       The Undersigned, a non-attorney, state that I have served a copy of this **notice with corresponding
document(s)** upon the party or parties to whom it is directed **by mailing** the same in a properly addressed,
stamped envelope(s), sealed, postage prepaid and depositing same in the U.S. Mail chute at One South
Wacker Drive, Chicago, Illinois before 5:00 p.m. on this 10th day of March, 2008.

       [X]    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
              undersigned certifies that the statements set forth in this instrument are true and correct, except as to
              matters therein stated to be on information and belief and as to such matters the undersigned certifies
              as aforesaid that he/she verily believes the same to be true.

                                        _____
                                              Joan M. Connally