14-063735                          JJS:jmc                          #397

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. WILLIAM M. POLLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 08 C 1405 |
| | ) |
| CUNNINGHAM FINANCIAL GROUP, | ) Judge Hibbler |
| LLC, and JOHN DOES 1-10, | ) Magistrate Judge Cox |
| | ) |
| Defendants. | ) |

**DEFENDANT, CFG's AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Cunningham Financial Group, LLC, ('CFG"), by its attorneys, for its Amended Answer and Affirmative Defenses to plaintiff, Dr. William M. Pollack's Class Action Complaint, states as follows:

## INTRODUCTION

1. Plaintiff, Dr. William M. Pollack brings this action to secure redress for the actions of defendant, Cunningham Financial Group, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:** **CFG admits that plaintiff has filed a lawsuit claiming violations of the TCPA, ICFA and common law. It denies that it is liable to the plaintiff and that the plaintiff is entitled to any damages.**

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax

advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:** **CFG admits the existence of the TCPA but denies the allegation of paragraph 2 to the extent they are inconsistent with or different from the text of the TCPA and its implementing regulations which are written documents which speak for themselves. It further denies all remaining allegations of paragraph 2 not specifically admitted.**

## PARTIES

3. Plaintiff Dr. William M. Pollack maintains telephone facsimile equipment in the Chicago metropolitan area.

**ANSWER:** **CFG is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore, denies those allegations.**

4. Defendant Cunningham Financial Group, LLC, is an Arizona limited liability company that has offices at 10505 N. 69th Street Suite 700, Scottsdale, Arizona 85253.

**ANSWER:** **CFG admits the allegations of paragraph 4.**

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**ANSWER:** **CFG is without sufficient knowledge and information to form a belief as to the**

    truth or falsity of the allegations of paragraph 5, and therefore, denies those allegations.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

  a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

  b. Have transacted business in Illinois.

**ANSWER:** **CFG admits that it has transacted business in Illinois. It denies all remaining allegations of paragraph 6.**

## FACTS

7. On November 29, 2007, plaintiff Dr. William M. Pollack received the unsolicited fax advertisement attached as <u>Exhibit A</u> on his facsimile machine.

**ANSWER:** **CFG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 7, and therefore, denies those allegations.**

8. On January 9, 2008, plaintiff Dr. William M. Pollack received the unsolicited fax advertisement attached as <u>Exhibit B</u> on his facsimile machine.

**ANSWER:** **CFG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore, denies those allegations.**

9. On January 15, 2008, plaintiff Dr. William M. Pollack received the unsolicited fax advertisement attached hereto as <u>Exhibit C</u> on his facsimile machine.

**ANSWER:** **CFG is without sufficient knowledge or information to form a belief as to the**

truth or falsity of the allegations of paragraph 9, and therefore, denies those allegations.

    10.    Discovery may reveal the transmission of additional faxes as well.

**ANSWER:**    **CFG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore, denies those allegations.**

    11.    Defendant Cunningham Financial Group, LLC, is responsible for sending or causing the sending of the faxes.

**ANSWER:**    **CFG admits that it caused the documents attached as Exhibits A, B and C to plaintiff's Complaint to be sent. It denies all remaining allegations of paragraph 11 not specifically admitted.**

    12.    Defendant Cunningham Financial Group, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:**    **CFG denies the allegations of paragraph 12.**

    13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:**    **CFG denies the allegations of paragraph 13.**

    14.    Exhibits B and C have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER:**    **CFG admits only that the documents attached as Exhibits B and C to the Complaint both state: "To opt out of future faxes please call 1-866-242-9292." It denies all remaining allegations of paragraph 14 not specifically admitted.**

15. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER: CFG admits that the faxes attached as <u>Exhibits A, B and C</u> to plaintiff's Complaint may have been sent to others who either provided consent to receive faxes or with whom there was an established business relationship. It denies all remaining allegations of paragraph 15 not specifically admitted.**

16. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER: GFG denies the allegations of paragraph 16.**

17. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER: CFG denies the allegations of paragraph 17.**

## COUNT I - TCPA

18. Plaintiff incorporates ¶¶ 1-17.

**ANSWER: CFG restates, realleges and incorporates herein by reference, its answers to paragraphs 1 through 17 as though fully set forth herein.**

19. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine..."47 U.S.C. §227(b)(1)(c).

**ANSWER: CFG admits the existence of the TCPA. It denies all liability to the plaintiff**

under the TCPA and the remaining allegations of paragraph 19 to the extent they are inconsistent and/or different from the text of the TCPA and its implementing regulations which are written documents which speak for themselves.

20.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the aware to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER:**    CFG admits the existence of the TCPA. It denies all liability to the plaintiff under the TCPA and the remaining allegations of paragraph 20 to the extent they are inconsistent and/or different from the text of the TCPA and its implementing regulations which are written documents which speak for themselves.

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:**   **CFG denies the allegations of paragraph 21.**

22.   Plaintiff and each class member is entitled to statutory damages.

**ANSWER:**   **CFG denies the allegations of paragraph 22.**

23.   Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:**   **CFG denies the allegations of paragraph 23.**

24.   Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**   **CFG denies the allegations of paragraph 24.**

## CLASS ALLEGATIONS

25.   Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cunningham Financial Group, LLC, promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

**ANSWER:**   **CFG admits that plaintiff has brought this case as a putative class action. It denies that class certification is proper and that it is liable to the plaintiff or any of the purported class members in any amount whatsoever.**

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:** **CFG denies the allegations of paragraph 26.**

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants complied or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

**ANSWER:** **CFG denies the allegations of paragraph 27.**

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** **CFG denies the allegations of paragraph 28.**

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** **CFG denies the allegations of paragraph 29.**

30. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct 19, 2004); Rawson v. C.P. Partners, LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App.2003); Nicholson v. Hooters of August, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F.Supp.2d 892 (W.D. Tex.2001) (state enforcement action).

**ANSWER:** **CFG denies the allegations of paragraph 30 to the extent they are inconsistent or different from the case law cited therein, which are written opinions which speak for themselves. It further denies that the cases cited are binding, relevant, applicable to this case, or represent the majority view on whether class certification is proper under the TCPA.**

31. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:** **CFG denies the allegations in paragraph 31.**

WHEREFORE, Defendant, Cunningham Financial Group, Inc., requests entry of judgment in its favor and against plaintiff, Dr. William M. Pollack, all costs incurred in defending this claim, and any further relief this Count deems just and appropriate.

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

32. Plaintiff incorporates ¶¶ 1-17.

**ANSWER:** **CFG restates, realleges and incorporates herein by reference, its answers to paragraphs 1 through 17 as though fully set forth herein.**

33. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 055/2, by sending unsolicited fax advertising to plaintiff and others.

**ANSWER:** **CFG denies the allegations of paragraph 33.**

34. Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

**ANSWER:** **CFG admits only the existence of the TCPA and 720 ILCS 5/26-3(b). It denies all remaining allegations of paragraph 34 not specifically admitted.**

35. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

**ANSWER:** **CFG denies the allegations of paragraph 35.**

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

**ANSWER:** **CFG denies the allegations of paragraph 36.**

37. Defendants engaged in such conduct in the course of trade and commerce.

**ANSWER:** **CFG denies the allegations of paragraph 37.**

38. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due." Remarks of Cong. Edward Markey, 135 Cong Rec E 2549. Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**ANSWER:**   **CFG denies the allegations of paragraph 38.**

39. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

**ANSWER:**   **CFG denies the allegations of paragraph 39.**

40. Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**   **CFG denies the allegations of paragraph 40.**

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, ©) was sent faxes by or on behalf of

defendant Cunningham Financial Group, LLC, promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

**ANSWER:** **CFG admits that plaintiff has brought this case as a punitive class action. It denies that class certification is proper and that it is liable to the plaintiff or any of the purported class members in any amount whatsoever.**

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:** **CFG denies the allegations of paragraph 42.**

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

**ANSWER:** **CFG denies the allegations of paragraph 43.**

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** **CFG denies the allegations of paragraph 44.**

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** **CFG denies the allegations of paragraph 45.**

46. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:** **CFG denies the allegations of paragraph 46.**

WHEREFORE, Defendant, Cunningham Financial Group, Inc., requests entry of judgment in its favor and against plaintiff, Dr. William M. Pollack, all costs incurred in defending this claim, and any further relief this Count deems just and appropriate.

## COUNT III - CONVERSION

47. Plaintiff incorporates ¶¶ 1-17.

**ANSWER:** **CFG restates, realleges and incorporates herein by reference, its answers to paragraph 1 through 17, as though fully set forth herein.**

48. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own ink or toner and paper belonging to plaintiff and the class members.

**ANSWER:** **CFG denies the allegations of paragraph 48.**

49. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

**ANSWER:** **CFG denies the allegations of paragraph 49.**

50. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

**ANSWER:** **CFG denies the allegations of paragraph 50.**

51. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

**ANSWER:** **CFG denies the allegations of paragraph 51.**

52. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

**ANSWER:** **CFG denies the allegations of paragraph 52.**

53. Defendants should be enjoined from committing similar violations in the future.

**ANSWER:** **CFG denies the allegations of paragraph 53.**

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, ©) were sent faxes by or on behalf of defendant Cunningham Financial Group, LLC, promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cunningham Financial Group, LLC, or (ii) expressly consent to the receipt of advertising faxes from defendant Cunningham Financial Group, LLC.

**ANSWER:** **CFG admits that plaintiff has brought this case as a punitive class action. It denies that class certification is proper and that it is liable to the plaintiff or any of the purported class members in any amount whatsoever.**

55. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:** **CFG denies the allegations of paragraph 55.**

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

15

  b.  Whether defendants thereby violated the TCPA;

  c.  Whether defendants thereby committed the tort of conversion;

  d.  Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

  e.  Whether defendants thereby converted the property of plaintiff.

**ANSWER:** **CFG denies the allegations of paragraph 56.**

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** **CFG denies the allegations of paragraph 57.**

58. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** **CFG denies the allegations of paragraph 58.**

59. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:** **CFG denies the allegations of paragraph 59.**

WHEREFORE, Defendant, Cunningham Financial Group, Inc., requests entry of judgment in its favor and against plaintiff, Dr. William M. Pollack, all costs incurred in defending this claim, and any further relief this Court deems just and appropriate.

### FIRST AFFIRMATIVE DEFENSE

Some or all of the claims brought as part of plaintiff's class action lawsuit in Count I are barred by the two-year statute of limitations set forth in 735 ILCS 5/13-202.

### SECOND AFFIRMATIVE DEFENSE

The TCPA violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void- for-vagueness doctrine.

### FOURTH AFFIRMATIVE DEFENSE

The TCPA violates the excessive fines clause of the Eighth Amendment of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

It is CFG's contention that it is plaintiff's burden under the TCPA to prove that <u>Exhibits A, B and C</u> attached to its pleadings were unsolicited faxes. However, to avoid any risk of waiver should the Court conclude otherwise, CFG affirmatively states that it is informed and believes that an established business relationship existed between it and the plaintiff which forecloses plaintiff's TCPA claim.

## SIXTH AFFIRMATIVE DEFENSE

It is CFG's contention that it is plaintiff's burden under the TCPA to prove that <u>Exhibits A, B and C</u> attached to its pleadings were unsolicited faxes. However, to avoid any risk of waiver should the Court conclude otherwise, CFG affirmatively states that it is informed and believes that plaintiff provided it with consent to send <u>Exhibits A, B and C</u> attached to the pleadings and that said consent forecloses plaintiff's TCPA claim.

WHEREFORE, Defendant, Cunningham Financial Group, Inc., requests entry of judgment in its favor and against plaintiff, Dr. William M. Pollack, all costs incurred in defending this claim, and any further relief this Count deems just and appropriate.

Respectfully submitted,

CUNNINGHAM FINANCIAL GROUP, LLC


By:_____**s/ James J. Sipchen**_____
        One of its attorneys


James J. Sipchen
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone: (312) 346-1973
Fax: (312) 346-8242
E-Mail: jsipchen@pretzel-stouffer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that this Amended Answer and Affirmative Defenses to Plaintiff's Class Action Complaint was filed electronically this 11th day of July, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by U.S. Mail (only where indicated below). Parties may access this filing through the Court's electronic system.

Heather Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
E-Mail: hkolbus@edcombs.com

                  s/ James J. Sipchen
                  James J. Sipchen (IL Bar No. 6226113)
                  Pretzel & Stouffer, Chartered
                  One South Wacker Drive - Suite 2500
                  Chicago, Illinois 60606
                  Telephone:   (312) 578-7422
                  Fax:   (312) 346-8242
                  E-Mail:   jsipchen@pretzel-stouffer.com
                  *Attorneys for Defendant,*
                  *Cunningham Financial Group, LLC*